UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FATMATA SESAY (OSIAS),<br>　　　　Plaintiff,<br>　　v.<br>SANTA CLARA COUNTY VALLEY MEDICAL CENTER, et al.,<br>　　　　Defendants. | Case No. 5:16-cv-03761-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 23 |

## I. INTRODUCTION

Plaintiff Fatmata Sesay (Osias) ("Plaintiff") was employed as an "Extra Help" Nursing Attendant for Defendant County of Santa Clara (erroneously sued as Santa Clara Valley Medical Center). Plaintiff, who is proceeding *pro se*, asserts claims for retaliation and gender discrimination under Title VII of the Civil Rights Act. Presently before the Court is Defendant's motion for summary judgment.[1] The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

## II. BACKGROUND

Plaintiff worked intermittently as an Extra Help Nursing Attendant for the Santa Clara Valley Medical Center's Acute Psychiatric Services ("APS") until December 25, 2011. APS is comprised of two units: inpatient treatment at the Barbara Arons Pavilion ("BAP") and Emergency Psychiatric Services ("EPS"). Extra Help employees are not guaranteed any set

---

[1] Defendant's request for judicial notice of Defendant's Merit System Rules in support of the motion for summary judgment is granted.

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
1

number of hours to work and are prohibited from working more than 1,040 hours in any fiscal year unless approved by the County Board of Supervisors.

In December of 2010, Plaintiff attended a union meeting that was scheduled to discuss perceived unfair and preferential treatment by Nurse Manager Kate Deaver ("Deaver"). Plaintiff signed a "petition that was going around for Kate Deaver." Plaintiff's Opposition, p. 2. Plaintiff believes that after the union meeting, Deaver's attitude towards Plaintiff changed. Whereas before the meeting Deaver was "cordial, professional and polite," after the union meeting she was "gruff, accusatory & rude." Id. at p.3.

In March of 2011, Plaintiff told a coworker, Elma Aquino, speaking Tagalog that speaking any language other than English among nursing staff was not allowed. Plaintiff has no problem with coworkers speaking Tagalog at work, but she "felt offended" by coworkers speaking a language she doesn't understand "right on my face." Id. at p.2.

In February 2012, APS obtained permission to fill several vacant provisional Nursing Attendant positions. Deaver posted the provisional positions internally and interviewed all applicants. Plaintiff was interviewed with several other candidates. Deaver did not hire Plaintiff for a provisional position because of "her history of tardiness, dress code violations and attitude problems." Decl. of Kate Deaver at ¶12. The Nurse Manager for the BAP, Denice Van Veen ("Van Veen"), also did not hire Plaintiff for the same reasons. Decl. of Denice Van Veen at ¶11.

In March of 2012, Plaintiff filed two charges with the Department of Fair Employment and Housing ("DFEH"), which were dual-filed with the Equal Employment Opportunity Commission ("EEOC").[2] The EEOC issued right to sue letters in 2012, however, Plaintiff admits that she "did not take any action" with respect to these right to sue letters. Plaintiff's Opposition at 10:20-21.

In June 2012, APS sought to hire sixteen permanent employees to replace the temporary employees previously hired for the provisional positions. APS received a total of 237

---

[2] In one of the charges, Plaintiff alleged that she was denied the provisional position in February 2012 because of her national origin. ("EEOC Charge No. 1"). In the other charge, Plaintiff alleged she was harassed and retaliated against from December 16, 2010 to February 6, 2012, because of her race, color and national origin. ("EEOC Charge No. 2").

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2

applications. Over half the applicants were rejected because they did not meet the minimum qualifications for the position. Of the 84 applicants who met the minimum qualifications for the position, 39 failed the examination process. Defendant's Human Resource Department created an eligibility list from the remaining applicants. Deaver and Van Veen interviewed over thirty candidates, including Plaintiff. Kate Deaver and Denice Van Veen hired candidates with "no known performance issues," and did not hire Plaintiff "based on her history of tardiness, dress code violations and attitude problems." Deaver Decl. at ¶¶14-15; Van Veen Decl. at ¶¶13-14. Van Veen also "felt that [Plaintiff's] answers in the interview were inadequate, and she did not demonstrate in the interview that she had the knowledge needed to do the job. Her interview responses were not as strong as the other candidate's responses." Van Veen Decl. at ¶13.

After the start of the new fiscal year on July 1, 2012, Plaintiff called APS and requested to be placed on the work scheduled for Extra Help. On September 14, 2012, Deaver sent Plaintiff a letter notifying her that she was being released from her Extra Help employment. Deaver did not call Plaintiff for Extra Help shifts because of her prior work performance issues. Deaver Decl. at ¶16.

On November 20, 2012, Plaintiff filed a third charge with the EEOC ("EEOC Charge No. 3), alleging that she was not hired for a permanent position and terminated in retaliation for filing an EEOC charge in March of 2012. On April 7, 2016, the EEOC notified Plaintiff that her charge was dismissed.

Plaintiff filed the instant action on July 1, 2016, within ninety days of receipt of the EEOC's April 7, 2016 notification. Plaintiff alleges that she was retaliated against for engaging in various purportedly protected activities and was subject to gender discrimination.[3] Plaintiff seeks recovery of "lost pay" she believes she would have received if she had been hired by Defendant as a permanent employee. Complaint at ¶6.

---

[3] Plaintiff's complaint includes several other claims for discrimination. Plaintiff, however, states in her Opposition to Defendant's motion for summary judgment that she is no longer pursuing claims for race or national origin discrimination, and is focusing on retaliation and gender discrimination. See Plaintiff's Opposition Brief at 17:20-24.

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
3

## III. STANDARDS

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the issue is one on which the non-moving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. Id. at 325. If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324.

A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the mere suggestion that there are facts in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. Id. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

The principles of summary judgment apply equally in discrimination cases. Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983). General assertions that a defendant had a discriminatory motive or intent in taking an adverse action are insufficient to defeat summary

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
4

judgment unless supported by substantial factual evidence. Id.; see also Adetuyi v. City & Cty. of San Francisco, 63 F. Supp. 3d 1073, 1080 (N.D. Cal. 2014) ("A party cannot defeat a motion for summary judgment by offering 'purely conclusory allegations of alleged discrimination, absent concrete particulars ..., for to do so would necessitate a trial in all Title VII cases.'") (citing Candelore v. Clark Cnty. Sanitation Dist., 975 F.2d 588, 591 (9th Cir. 1992)).

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." Id.

## IV. DISCUSSION

A. Retaliation Claim

Plaintiff alleges that she was retaliated against for engaging in the following protected activities: attending a union meeting held in December of 2010 regarding Deaver; telling another nurse to stop speaking Tagalog to other staff members; and submitting a harassment complaint to the County of Santa Clara Equal Opportunity Department ("EOD") on April 4, 2012.

Defendant moves for summary judgment on Plaintiff's retaliation claim, asserting first that the claim is barred for failure to exhaust to the extent it is predicated on the three purportedly protected activities listed above. Filing an administrative charge with the EEOC is a prerequisite to bringing a cause of action under Title VII. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrow[ing] the issues for prompt adjudication and decision.'" Id. (quoting Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995)). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." Id. (quoting Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985)); see also EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994) (subject matter

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
5

jurisdiction extends over allegations that either fall within the scope of the EEOC's actual investigation "or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"). In evaluating the scope of an administrative charge, the language of the charge is to be construed "with the utmost liberality" because the charges are often made by those "unschooled in the technicalities of formal pleading." B.K.B., 276 F.3d at 1100 (quoting Kaplan v. Int'l Alliance of Theatrical & Stage Employees, 525 F.2d 1354, 1359 (9th Cir. 1975) abrogated on other grounds by Laughon v. Int'l Alliance of Theatrical Stage Employees, 248 F.3d 931 (9th Cir. 2001)). The crucial element of the charge "is the factual statement contained therein." See B.K.B., 276 F.3d at 1100.

Here, none of Plaintiff's administrative claims include allegations that she was retaliated against for attending a union meeting, telling another nurse to stop speaking Tagalog, or for submitting a harassment complaint to the EOD on April 4, 2012. Instead, the only factual basis for Plaintiff's retaliation claim articulated in any of the administrative claims is that Plaintiff was not hired in retaliation for filing a charge of discrimination with the EEOC in March of 2012 (EEOC Charge No. 2). Therefore, Plaintiff's retaliation claim is barred for failure to exhaust to the extent the claim is based upon attending a union meeting, telling another nurse to stop speaking Tagalog, and submitting a harassment complaint to the EOD on April 4, 2012. Plaintiff has only one remaining viable retaliation claim theory: retaliation for filing a discrimination charge with the EEOC in March of 2012.

Defendant next contends that Plaintiff has failed to establish a *prima facie* case of retaliation. To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) defendant took an adverse employment action; and (3) there is a causal link between the two. Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006). "Causation sufficient to establish the third element of the *prima facie* case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
6

1987). The plaintiff generally bears the initial burden of establishing a *prima facie* case of retaliation. When an employer moves for summary judgment, however, the burden is reversed and the defendant who seeks summary judgment bears the initial burden. Smith v. County of Santa Clara, No. 11-5643 EJD, 2016 WL 4076193, at *11 (N.D. Cal. Aug. 1, 2016) (quoting Dep't of Fair Employment & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 745 (9th Cir. 2011)). Therefore, to prevail on summary judgment, a defendant employer must demonstrate either that the plaintiff failed to establish a *prima facie* case or that there was a legitimate, nondiscriminatory reason for the adverse employment action. Id.

Here, even considering the totality of Plaintiff's alleged protected activities[4], the evidence of causation is lacking. The union meeting in 2010 and the incident involving speaking Tagalog in the workplace in March of 2011 are too remote in time from the alleged adverse employment actions that took place beginning in February of 2012. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (collecting cases). Furthermore, Deaver and Van Veen state in their declarations, which are uncontroverted, that they did not consider whether Plaintiff had participated in any union activity when making their hiring decisions. Deaver Decl. at ¶19; Van Veen Decl. at ¶17.

The March 2012 EEOC charge and the April 2012 EOD complaint were filed closer in time to the alleged adverse employment actions. The temporal proximity of these filings to the employment action is insufficient to establish a *prima facie* case, however, because there is no evidence that Defendant was aware of Plaintiff's EEOC charge and EOD complaint. With respect to the EEOC charge in particular, Deaver and Van Veen state that at the time they made their

---

[4] This includes Plaintiff attending a union meeting, telling another nurse to stop speaking Tagalog, and submitting a harassment complaint to the EOD on April 4, 2012, even though these allegations are beyond the scope of Plaintiff's administrative charges and not properly before the Court.
  Moreover, telling a coworker not to speak Tagalog is not a "protected activity" under Title VII. See 42 U.S.C. §2000e-3(a) (it is unlawful to discriminate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."). Plaintiff's attendance at the union meeting is also not a "protected activity" under Title VII. See Smith, 2016 WL 4076193, at *14.

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
7

hiring decisions, they were unaware that Plaintiff had filed administrative complaints with the DFEH or the EEOC and did not consider whether Plaintiff had filed such complaints in making their hiring decisions. Deaver Decl. at ¶18; Van Veen Decl. at ¶16.

Even if the evidence was sufficient to establish a *prima facie* case of retaliation, which it is not, Defendant has proffered legitimate, non-retaliatory reasons for not hiring Plaintiff and for terminating her Extra Help employment. Deaver and Van Veen did not hire Plaintiff for a provisional or permanent position because of her history of tardiness, dress code violations and attitude problems. Deaver terminated Plaintiff's Extra Help employment for the same reasons. Plaintiff received counseling for her tardiness, inappropriate attire and attitude problems. Plaintiff's tardiness in particular is well documented. In a three month period, from July 1, 2011 to September 30, 2011, Plaintiff was tardy no fewer than 46 times.

In rebuttal, Plaintiff explains that she was frequently late because of child care issues. Rather than contradicting Defendant, however, Plaintiff's evidence only confirms that Plaintiff was frequently tardy. She names five other employees who were tardy "all the time" and requests that the Court permit discovery of the other employees' attendance records. Plaintiff's Opposition at p.17. Plaintiff's request for discovery is denied. Plaintiff has not made the requisite showing that she diligently pursued the discovery previously and that the discovery would defeat summary judgment. See Nazomi Communications, Inc. v. Nokia Corp., No. 10-4686 RMW, 2012 WL 892334, at *3 (N.D. Cal. March 14, 2012).

With respect to dress code violations, Defendant counseled Plaintiff not to wear tight or provocative apparel because it was inappropriate and unsafe. Defendant also told Plaintiff to remove a long scarf around her neck because it was dangerous. On another occasion, Defendant told Plaintiff not to wear thin, see-through Capri pants with strings around the calves. On another occasion, Plaintiff was told not to wear blue jeans.

Plaintiff does not refute Defendant's evidence, except to assert that her supervisor told her the Capri pants "look nice" and that she wore corduroy, not blue jeans. Id. Plaintiff's Opposition at p.7. Plaintiff also asserts that she was singled out for wearing a name tag that all staff members

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
8

wear. Id. This evidence is insufficient to show that the documented dress code violations were a pretext for retaliation.

Plaintiff's documented performance issues are also unrefuted. Defendant received numerous complaints about Plaintiff's performance. In addition, Plaintiff acknowledges that she had conflicts with at least one supervisor, Elma Aquino.

In sum, Defendant has presented well-substantiated and unrefuted legitimate, non-retaliatory reasons for its decision not to hire Plaintiff and to terminate her Extra Help employment. Defendant is entitled to summary judgment on the retaliation claim.

B. Gender Discrimination Claim

Plaintiff's gender discrimination claim appears to be based on her interaction with Nursing Supervisor Gregory Stout ("Stout"). Plaintiff asserts that Stout approached her while pointing to her blouse, which had an image of a princess crown and the word "princess" on it, and stating "you are not a princess, just that." Plaintiff's Opposition at 10. Plaintiff also asserts that Stout asked her: "the way you dress, are you dressing to look for a man[?]" Id. Plaintiff asserts that Stout expected Plaintiff to "fit a specific stereotype" in how to dress because she is a female. Id. at 17.

Defendant seeks summary judgment on the gender discrimination claim, asserting that the claim is untimely because it is not encompassed within EEOC Charge No. 3. Plaintiff does not provide any evidence or argument to refute Defendant's assertion. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for gender discrimination.

V. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: January 8, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-03761-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
9